IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RENAISSANCE MARKETING, INC.
    Plaintiff

v.

MONITRONICS INTERNATIONAL, INC., ALPHA ONE SECURITY SOLUTIONS, INC., JORGE JAVIER MARRERO, JANE DOE, JOHN DOE, ABC COMPANY, XYZ INSURANCE COMPANY

    Defendants

Civil No. 08-1823 (SEC)

**OPINION AND ORDER**

This case is before the Court pursuant to a Notice of Removal filed by Co-defendant Monitronics International, Inc. ("Monitronics") in the above captioned case, which was filed before the Puerto Rico Court of First Instance, San Juan Part. Docket # 1. Monitronics also filed a motion to dismiss the case pursuant to FED. R. CIV. P. 12(b)(6). Docket # 6. Plaintiff Renaissance Marketing, Inc. ("Renaissance") opposed Monitronics' motion to dismiss (Docket # 12), and moved to remand the case arguing that the notice of removal was untimely filed. Docket # 10.

After reviewing the filings and the applicable law, Renaissance's Motion to Remand is hereby **DENIED**, and Monitronics' Motion to Dismiss is **GRANTED**.

**Standard of Review**

Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

**Civil Case No 08-1823 (SEC)**                                                                 Page 2

place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

> The removal statute also provides that
>
> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) *The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant...* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446 (a) & (b). That is, ordinarily, for a Defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. Id.

The above mentioned statutory period is not jurisdictional. See Fristoe v. Reynolds Metals Co., 615 F. 2d 1209, 1212 (9th Cir. 1980) (finding that the "statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."); see also St. Louis Home Insulators v. Burroughs Corp., 597 F. Supp. 98, 99 (E. D. Miss. 1984). Notwithstanding, since federal courts are courts of limited jurisdiction, removal statutes are strictly construed, and must be strictly complied with. Cervantes v. Allegheny Ludlum, 90 F.R.D. 163, 165 (D.P.R. 1981); Syngenta Crop. Prot., Inc. v. Henson, 537 U.S. 28 (2002); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); JJJ Constructora v. U.S. Fidelity and Guarantee Co., 554 F. Supp. 2d 100, 101 (D.P.R. 2006); Rosello-Gonzalez v.

**Civil Case No 08-1823 (SEC)**                                                                                                         Page 3

Calderon-Serra, 398 F.3d 1, 25-26 (1st Cir. 2004). Moreover, the party requesting removal bears the burden of showing that removal is proper. Vigier v. Marin, 568 F. Supp. 2d 193 (D.P.R. 2008).

**Applicable Law and Analysis**

*Statutory period for removal under 28 U.S.C. § 1446(b)*

Renaissance sued Monitronics, Alpha One Security Solutions, Inc. ("Alpha One"), and Jorge Javier Marrero ("Marrero"), and various unnamed defendants, in the Puerto Rico Court of First Instance, San Juan Part, seeking declaratory judgment under Puerto Rico's Dealer Contract Law, P.R. Laws Ann. tit. 10, § 278 *et seq.* ("Law 21"), Civil No. KAC 08-0862 (803). According to the complaint, Renaissance, doing business in Puerto Rico as Alarmex, is a company which sells, markets, provides services, and monitors residential and commercial security systems in Puerto Rico. They allege that, Monitronics, a foreign company, sold its products in Puerto Rico exclusively through Renaissance. Renaissance further argues that Monitronics breached their exclusivity agreement by directly selling its products to Alpha One and Marrero, Renaissance former Vice-President, for distribution in Puerto Rico. As a result, Renaissance moves this Court to enter declaratory judgment, holding that they are Monitronic's exclusive distributor in Puerto Rico.

On July 30, 2008, Monitronics filed a notice of removal in this Court under diversity jurisdiction (Docket # 1), and Renaissance moved to remand (Docket # 10). According to Renaissance, whatever the reasons stated by Monitronics for removal, remand is proper because Monitronics failed to file their notice of removal within the thirty (30) day statutory period provided by 28 U.S.C. § 1446(b). In support of this argument, Renaissance alleges that pursuant to Section 13.15 of Puerto Rico's Law of Corporations, P.R. Laws Ann. tit. 14, § 3174 (2000), Monitronics was served with process on June 24, 2008. Thus, according to Renaissance, Monitronics had until July 24, 2008 to give notice of removal. Nevertheless, Monitronics filed

**Civil Case No 08-1823 (SEC)**                                                                                          Page 4

its request for removal on July 30, 2008, as such, their request for removal was untimely, and the case must be remanded to state court.

In opposition, Monitronics argues that Section 1446(b)'s thirty day period must be computed from the date of the actual receipt of the summons and the complaint by the defendant. Monitronics admits that the Secretary of State was served on June 26, 2008, per Section 13.15 of Puerto Rico's Law of Corporations, and that said documents were sent to Monitronics *via* certified mail on June 28, 2008. Notwithstanding, Monitronics argues that it received a copy of the complaint and summons on July 1, 2008 and, therefore, the notice of removal was timely filed on July 30, 2008.

Section 13.15 provides that any foreign corporation conducting business in Puerto Rico without obtaining authorization of law pursuant to Section 13.05, "shall be deemed to have designated and constituted the Secretary of State as its agent for purposes of being served with process in case of any action, complaint or procedure filed against it before any court in the Commonwealth arising or growing out of any business transacted by it in the Commonwealth. The transaction of business in the Commonwealth shall evidence the agreement of such corporation that process served in such manner shall have the same legal force and validity as if an officer or agent had been served personally with process in the Commonwealth." Pou v. American Motors Corp., 127 P.R. Dec. 810 (1991). Upon receiving service of process, the Secretary of State shall immediately notify the corporation via certified mail, return receipt requested.

The thirty-day statutory period for removal has not been subject of extended discussion by the First Circuit. However, other district courts have consistently held that in cases in which service is made on a statutory agent, such as the Secretary of State, the thirty-day statutory period for removal runs from the day the defendant receives notice of summons and the complaint. Otherwise, the defendant's right to pursue his or her case in federal court would

**Civil Case No 08-1823 (SEC)** Page 5

"depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them." Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000).[1]

This Court agrees. The amount of cases decided in support of said conclusion is highly persuasive. Moreover, in holding that a defendant's time to remove a case is triggered by formal service of summons and complaint, the U.S. Supreme Court has upheld the importance of service of process in our system of justice. Murphy Brothers, Inc. V. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Furthermore, in the absence of service of process, the Court may not exercise its power over a party. As such, a named defendant officially becomes a party when served and given the opportunity to appear and defend him or herself. Id. Albeit laws allowing service of process upon foreign corporations through statutory agents are valuable tools, the courts cannot ignore the possible prejudicial effects upon defendants if the period for removal would begin before the defendant has learned of the claims against him or her. As a result, this Court finds that the thirty-day statutory period for removal starts running when defendant

---

[1] See also Cox v. Sprung's Transport & Movers Ltd., 407 F. Supp. 2d 754, 756 (D.S.C. 2006) (holding that service upon statutory agent insufficient to begin period for removal); White v. Lively, 304 F. Supp. 2d 829 (D.C.Va. 2004) (finding that the removal period started running with defendant's actual receipt of summons and complaint, rather than statutory agent's receipt of suit); Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672 (D.C.W.Va. 2002) (holding that the thirty-day clock starts with defendant's actual receipt of notice of the suit, not at the time plaintiff served statutory agent); Hibernia Cmty. Dev. Corp. V. U.S.E. Cmty. Servs. Group, Inc., 166 F. Supp. 2d 511 (D.C. La. 2001) (finding that statutory agents are not actual agents of defendants); Monterey Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (holding that, where service was properly made on a statutory agent, the removal period began when defendant actually received the process, not when the statutory agent received it); Wilbert v. Unum Life Ins. Co., 981 F. Supp. 61, 63 (D.R.I. 1997) (finding that "[w]hen a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent."); Pilot Trading Co. v. Hartford Ins. Group, 946 F. Supp. 834, 839 (D. Nev. 1996) (holding that, where service is effected through a statutory agent, the time for removal starts running at the time of defendant's actual receipt of the complaint); Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (noting that "'the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'")(citations omitted); Taphouse v. Home Ins. Co., 885 F. Supp. 158, 161 (E.D. Mich. 1995) (holding that the time limit for removal does not begin with service on a statutory agent, but when the defendant actually receives the pleading).

**Civil Case No 08-1823 (SEC)**                                                                                      Page 6

receives service of summons and a copy of the complaint, because only then can the defendant assert his or her rights.

Based on the foregoing, Monitronics' notice of removal was timely filed. However, this does not dispose of Renaissance's request for remand. Renaissance also avers that remand is further warranted because complete diversity is lacking, and the amount in controversy requirement is not satisfied. This Court will discuss each argument separately.

*Diversity Jurisdiction*

When a removal is premised on diversity jurisdiction, defendants may remove a case from state to federal court only when none of the named defendants is a citizen of the state in which the action was originally brought. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 3d § 3723; see also 28 U.S.C. § 1441(b). Historically, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). Furthermore, under 28 U.S.C. § 1332, the court loses its subject matter jurisdiction if any plaintiff is a citizen of the same state as any defendant.  The Supreme Court has held that "[i] a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 553 (2005); see also Baella-Silva v. Hulsey, 454 F.3d 5, 9 (1st Cir. 2006). The party who invokes "the jurisdiction of the federal court carries the burden of proving its existence." Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995)(citations omitted); see also Topp v. CompAir, Inc, 814 F.2d 830, 839 (1st Cir. 1987). As such, the removing party must show that no plaintiff is a citizen of the same state as any of the defendants, and that the matter in controversy exceeds $75,000, excluding interests and costs. See 28 U.S.C. § 1332.

First, Renaissance argues that this Court lacks subject-matter jurisdiction pursuant to the "well-pleaded complaint" rule, insofar as it is apparent from the complaint that complete

**Civil Case No 08-1823 (SEC)**                                                                                          Page 7

diversity is lacking. This Court has held that "[n]ormally, removal is based on the face of a 'well-pleaded complaint.'" Able Sales Co v. Mead Johnson P.R. Inc., 420 F. Supp. 2d 1, 16 (D.P.R. 2006)(citations omitted). Said doctrine requires that the federal claim or rights arise from the complaint, "unaided by the answer or petition for removal." Id.; See also Vigier v. Marin, 568 F. Supp. 2d 193, 195 (D.P.R. 2008). A review of the complaint reveals that Renaissance's claims arise exclusively under state contract law and P.R R. CIV. P. 59, and that Monitronics seeks to remove the case under diversity jurisdiction. However, the complaint also shows that co-defendant Marrero is a Puerto Rico citizen, and although Alpha One is a foreign corporation, it has its main place of business in Puerto Rico. Therefore, on its face, complete diversity is lacking. Notwithstanding, in its notice of removal, Monitronics argues that complete diversity exists because Alpha One and Marrero are not real parties in interest, but were fraudulently joined in an effort to preclude removal to federal court.

In support of said argument, Monitronics avers that Renaissance's "sole cause of action in its Complaint before the Commonwealth Court herein sought to be removed, is for declaratory judgment under Puerto Rico Rule of Civil Procedure 59...," and all remedies sought are exclusively against Monitronics. According to Monitronics, Renaissance seeks that the state court declare that Renaissance is the exclusive sales representative of Monitronics in Puerto Rico under Law 21, and that Monitronics' business dealings with Alpha One and Marrero are a violation of the alleged exclusivity contract entered upon between Monitronics and Renaissance. Monitronics also argues that insofar as Alpha One and Marrero are not parties to said contract, they are not necessary parties to the state suit. Moreover, Monitronics notes that Alpha One nor Marrero have been served with process in the state action, and the complaint is devoid of causes of action against said co-defendants. Finally, Monitronics notes that Renaissance filed a prior suit against Alpha One and Marrero in the Court of First Instance, Carolina Part, for preliminary and permanent injunction, seeking to recover damages for the alleged tortious interference of said parties in violation of the exclusivity contract between

**Civil Case No 08-1823 (SEC)**                                                                 Page 8

Monitronics and Renaissance. Based on the foregoing, Monitronics alleges that Alpha One and Marrero were fraudulently joined as parties to the instant suit for the sole purpose of destroying diversity.

In opposition, Renaissance argues that Monitronics has failed to meet the heavy burden of demostrating that Alpha One and Marrero's joinder was fraudulent. Moreover, Renaissance avers that the absence of specific claims against Alpha One and Marrero in the prayer for relief was due to a clerical mistake. As such, Renaissance insists that remand is warranted.

If this Court finds a joinder fraudulent, Alpha One and Marrero are dropped as parties, and this Court would proceed to address Monitronics' motion to dismiss. However, if Monitronics' arguments about fraudulent joinder fail, the case is remanded to state court for lack of subject matter jurisdiction, and their motion to dismiss will be rendered moot. As such, this Court will first address whether Alpha One and Marrero were fraudulently joined.

District courts "will not allow removal jurisdiction to be defeated by the plaintiff's destruction of complete diversity of citizenship by the collusive or improper joinder of parties or the assignment of claims." Pastrana v. Solstar, 46 F. Supp. 2d 101, 103 (D.P.R. 1999). However, a defendant seeking to prove that a co-defendant was fraudulently joined bears an extremely heavy burden. See Ponce Super Center, Inc. v.Glenwood Holdings, Inc., 359 F. Supp. 2d 27, 30 (D.P.R. 2005) (citing Chesapeake & Ohio Rv. Co. v Cockrell, 232 U.S. 146, 152 (1914) (holding that the showing of fraudulent joinder must be such to compel the conclusion that joinder is without right and made in bad faith))). The First Circuit has held that "a finding on fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." Polyplastics, Inc v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Other Circuit Courts have concluded that in order to prove a fraudulent joinder, the movant must show, by clear and convincing evidence, that (1) there was actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the non-diverse party in state court. Smith v. Petsmart, Inc., 278 Fed. Appx.

**Civil Case No 08-1823 (SEC)**                                                                                    Page 9

377, 379 (5th Cir. 2008); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (); Ponce Super, 359 F. Supp. 2d at 30. When defendants rely on the second prong of this test, the Court must determine if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."Gasch, 491 F.3d at 281. All contested factual issues and any doubt as to the propriety of the removal must be resolved in favor of remand. Id. at 281-282.

Upon examination of the complaint filed before the state court, we note that Renaissance's requests for relief refer only to the alleged breach of the contract between said party and Monitronics.  Albeit Renaissance mentions Alpha One and Marrero in its factual allegations, no cause of action is expressly stated nor any relief for damages or otherwise is requested. Additionally, Alpha One and Marrero have not been served with process in said suit. This Court concedes that any relief may be granted to which a party is entitled, even if the party has not demanded such relief in its pleadings. However, in determining whether the plaintiff is able to establish a cause of action against the non-diverse parties in state court, this Court must also take into consideration if plaintiff might be able to recover against them in state court. See Gasch, 491 F.3d at 281. The complaint whose removal is now sought only seeks a declaratory judgment against Monitronics as to paragraphs 7.07 and 7.12 of the contract, and moves the state court to "decree that Renaissance is the 'exclusive representative of Monitronics in Puerto Rico, and that Monitronic's action of contracting another 'dealer' in Puerto Rico is prima facie a violation of Law 21." See Docket #1, Exh. 1.

Therefore, taking into consideration the totality of the factual allegations and the relief requested, Renaissance's only cause of action is against Monitronics under Law 21. Renaissance's complaint does not adequately establish a claim against any party, other than Monitronics.  Albeit Renaissance makes general allegations as to Alpha One and Marrero's interference with Renaissance's contract with Monitronics, their claims focus on the alleged breach of contract by Monitronics. As such, if the case were to continue, the state court can only

grant relief as to Monitronics. Furthermore, although Renaissance alleges that the absence of specific claims as to Alpha One and Marrero are due to a clerical mistake, they did not request leave to amend the complaint. Moreover, said complaint is very detailed as to facts and the causes of action against Monitronics, whereas it lacks the same accurateness in regards to Alpha One and Marrero's possible liability. Renaissance may have a number of viable claims against Alpha One and Marrero, including claims for tortious interference and damages, but there does not appear to be any reasonable possibility that they could prevail, in state court, on any of the claims that they have asserted against Alpha One and Marrero in this particular case. More so when Alpha One and Marrero have never been served.

Furthermore, prior to the instant case, Renaissance filed a separate suit against Alpha One and Marrero. In said suit, Renaissance requests injunctive relief, as well as compensation for the alleged damages caused by Alpha One and Marrero's tortious interference with the "exclusivity contract" between Monitronics and Renaissance. See Docket #1, Exh. #3. Renaissance's allegations against Alpha One and Marrero in said complaint, and its requests for relief to the state court thereto, are very detailed and specific. This Court further notes that Monitronics is not a party to said suit. Therefore, Renaissance chose to file separate suits seeking different remedies against each party, and now seeks to use Alpha One and Marrero's joinder as a tool to avoid diversity jurisdiction. Courts cannot allow a party to litigate simultaneously against the same defendants, in different suits, arising from the same facts. Moreover, Renaissance has not shown that Alpha One and Marrero were duly served in the present case. Thus, this Court is unpersuaded by Renaissance's arguments. Although the fraudulent joinder doctrine is indeed an exception to the rule, and imposes a heavy burden on the moving party, it has been satisfied here. Holding otherwise would render said doctrine moot.

Since Renaissance fails to establish any cause of action against Alpha One and Marrero in the present suit, we find that their joinder was fraudulent. A party fraudulently joined to

**Civil Case No 08-1823 (SEC)**                                                                 Page 11

defeat removal is disregarded in determining diversity of citizenship. Polyplastics, 713 F.2d at 877. Therefore, complete diversity is present in the instant case.

*Amount in controversy requirement*

Renaissance also alleges that Monitronics has not met the $75,000.00 jurisdictional amount, depriving this Court of subject-matter jurisdiction. In opposition, Monitronics asserts that although the amount in controversy has not been specifically states, it does exceed $75,000.00. In support of said argument, Monitronics points out that the proceeds stemming from the contracts entered into with Renaissance exceed $9.3 million dollars. Taking into consideration that Renaissance's claim seeks to recover monies under Law 21, Monitronics avers that the amount in controversy is well above the jurisdictional amount.

When determining whether a party meets the amount-in-controversy minimum, the Court must apply the long standing test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Spielman v. Genzyme Corp., 251 F. 3d 1, 5 (1st Cir. 2001). The test requires that in performing this inquiry, the court use the sum claimed by the plaintiff "if the claim is apparently made in good faith." Spielman, 251 F. 3d at 5; see also Stewart v. Tupperware Corp., 356 F. 3d 335 (1st Cir. 2004). This general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. If the defendant challenges the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. This can be done by amending the pleadings or by submitting affidavits. Spielman, 251 F. 3d at 5. Although the party may meet this burden by amending the pleadings, "jurisdiction is not conferred by the stroke of a lawyer's pen stroke... [w]hen challenged it must be adequately founded in fact." Diefenthal v. C.A.B., 681 F. 2d 1039, 1052.

Notwithstanding this rule, when a plaintiff does not allege a specific amount of damages, the "legal certainty test has limited utility - in fact is inapplicable- when the plaintiff has alleged

**Civil Case No 08-1823 (SEC)**                                                                 Page 12

an indeterminate amount of damages." St. Paul Reinsurance Co., Ltd. V. Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998). When this happens, the Court must examine the complaint to determine whether "it is facially apparent that the claims exceed the jurisdictional amount." Id.. If they do not, then the Court can rely on "summary-judgment type evidence to ascertain the amount in controversy." Id.

Although Renaissance does not include a specific amount of damages for which they seek relief, they did state in their complaint that Monitronics has violated Law 21. Moreover, failure to include a specific amount of damages does not end the jurisdictional inquiry. The Court must determine whether it is facially apparent from Plaintiffs' complaint that their claim exceeds $75,000. As previously stated, this Court must review the complaint, and ask whether the amount in controversy is likely to exceed $75,000.

Since 2004, Renaissance has been the exclusive dealer in Puerto Rico for the sale of Monitronics' alarm monitoring services. According to Monitronics, the proceeds from their contract exceed $9.3 million dollars. Taking into consideration the factors set forth by Law 21 for determining damages[2], we believe that the facts indicate that it is more likely than not that Renaissance's claim exceeds the $75,000 jurisdictional amount required by 28 U.S.C.A. § 1332.

In light of the above discussion, this Court concludes that Monitronics properly removed this case to this court. Therefore, Renaissance's motion to remand is **DENIED**, and must move on to Monitronics' motion to dismiss.

---

[2] Article 4 provides that damages shall be determined taking into consideration the actual value of all investments and expenses incurred by the sales representative in the performance of his or her duties, the benefits obtained from said representation, and the good will of the business, such as the number of years that the sale representative has been in charge of the representation, the volume of the representation of the merchandise and the proportion it represents in business, the Puerto Rican market share represented by said volume, among other factors. P.R. Law 21, 10 P.R. Laws. Ann. § 279c.

**Civil Case No 08-1823 (SEC)**                                                                                        Page 13

*Monitronics' Motion to Dismiss*

Monitronics moves to dismiss the complaint for failure to state a claim upon which relief can be granted, under Rule 12(b)(6). According to Monitronics, per the Alarm Monitoring Purchase Agreement, the courts of the state of Texas or the federal courts in Dallas County in Texas are the proper forum for any suit arising out of said agreement. In support of its argument, Monitronics avers that the intent of the parties and the clear language of the contract's provisions disallow a different interpretation. Therefore, Monitronics requests that the instant case be dismissed under Rule 12(b)(6), or in the alternative, that it be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

In Section 7.07 of the Alarm Monitoring Purchase Agreement, the parties agreed that said contract, and its addendums, "shall be governed by and construed in accordance with the laws of the State of Texas (without regard to the choice of law provisions thereof)." Docket #1, Exh. # 2. Section 7.12 provides:

> [s]eller and purchaser agree that Dallas, Texas, is the place of making and the place of performance of this Agreement and each Addendum. Seller hereby irrevocably submits to the non-exclusive jurisdiction of any court of the State of Texas or Federal Courts of the United States located in Dallas County, Texas, over any suit, action or proceeding arising out of or relating to this Agreement or any Addendum. To the fullest extent it may effectively do so under applicable law, Seller irrevocably waives and agrees not to assert, by way of motion, as a defense or otherwise, any claim that it is not subject to the jurisdiction of any such court, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that any suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Docket # 1, Exh # 2.

Considering the similarities between federal and Puerto Rico law regarding the enforcement of forum-selection clauses, the First Circuit has applied federal law when interpreting said clauses in a diversity context. D.I.P.R. MFG, Inc. v Perry Ellis Intl., 472 F. Supp. 2d 151, 154 (D.P.R. 2007); Unysis Puerto Rico v. Ramallo Bros. Printing, Inc., 128 P.R. Dec. 842 (1991); Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001);

**Civil Case No 08-1823 (SEC)**                                                                                   Page 14

Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 276 (D.P.R. 1996); Stereo Gema, 941 F. Supp. at 274; see also Outek Caribbean Dist. V. Echo, Inc., 206 F. Supp. 2d 263, 267 (D.P.R. 2002). A motion to dismiss based upon a forum-selection clause is considered as one alleging failure to state a claim for which relief can be granted, under Rule 12(b)(6), and not one for lack of subject-matter jurisdiction. Silva, 239 F.3d at 386; Outek Caribbean, 206 F. Supp. 2d at 266.

The First Circuit has "recognized the general importance of enforcing these clauses." Outek Caribbean, 206 F. Supp. 2d at 270. Furthermore, the court has held that in the context of a motion to dismiss based on a forum clause, the forum clause is *prima facie* valid, and must be enforced, unless the opposing party can show the clause to be unreasonable, unjust, or invalid due to fraud. Silva, 239 F.3d at 386. Therefore, the burden shifts to the non-moving party to show that "the particular clause: 1) was not 'freely negotiated' or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult that it will, for all practical purposes, be deprived of its day in court." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008).

Renaissance's only argument against enforcing the forum selection clause is that, since the Texas courts will not apply Puerto Rico law, "Law 21 would be rendered a nullity if litigation is to be had in Texas." Docket # 32, pp. 3-4. As such, they assert that enforcing said clause would be contrary to the Commonwealth's public policy. However, this Court notes that Monitronics' central argument is that there is no exclusivity agreement with Renaissance, which, if true, precludes the application of Law 21. Nonetheless, the validity of forum selection clauses has been consistently upheld by the Puerto Rico Supreme Court, this district, and the First Circuit. Outek Caribbean, 206 F. Supp. 2d at 270; Marrero v. Aragunde, 537 F. Supp. 2d 305 (D.P.R. 2008); Silva, 239 F.3d at 386; Perry Ellis Intl., 472 F. Supp. 2d at 155. This precedent is so strong, that has been upheld even when a Puerto Rico law expressly proscribes

**Civil Case No 08-1823 (SEC)** Page 15

the enforcement of said types of clauses. <u>Perry Ellis Intl.</u>, 472 F. Supp. 2d at 155 (citations omitted).

Absent a showing that enforcing the forum selection clause would be unreasonable, or that Renaissance was fraudulently induced to enter into such agreement, this Court finds that the forum selection clause is valid. Furthermore, this ruling does not impede Renaissance from seeking relief in the appropriate forum. Based on the foregoing, and Rule 12(b)(6), Monitronics' motion to dismiss is **GRANTED**, and the instant case is **DISMISSED without prejudice.** Judgment will be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 31st day of March, 2009.

S/SALVADOR E. CASELLAS
Salvador E. Casellas
U.S. Senior District Judge