IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RENAISSANCE MARKETING, INC.

    Plaintiff

               v.

MONITRONICS INTERNATIONAL, INC.; ALPHA ONE SECURITY SOLUTIONS, INC.; JORGE JAVIER MARERRO; JANE DOE; JOHN DOE; ABC COMPANY; XYZ INSURANCE COMPANY

    Defendants

Civil No. 08-1823 (SEC)

**OPINION and ORDER**

Pending before this Court is Co-Defendant's Monitronics International Inc. ("Defendant") motion for attorney's fees. Docket # 46. In light of Plaintiff Renaissance Marketing, Inc.'s ("Plaintiff") failure to file an opposition, Defendant requested that the bill of costs and request for attorney's fees be deemed unopposed. Docket # 47. After reviewing the filings, and the applicable law, Defendant's motion is **GRANTED in part and DENIED in part**.

**Factual Background**

The facts and procedural background of this case were already set forth in this Court's March 31, 2009 Opinion and Order. Docket # 42. Therein, this Court denied Plaintiff's motion to remand the case to state court, finding that Co-Defendants Alpha One Security Solutions, Inc. ("Alpha One") and Jorge Javier Marrero ("Marrero") were fraudulently joined for the sole purpose of depriving this Court of diversity jurisdiction. In said Opinion, this Court also granted Defendants' motion to dismiss, concluding that the contract between the parties contained a valid forum selection clause that designated either the state of Texas, or the Federal District Court of Dallas County, Texas, as the proper forums for suits arising out of said contract. Id.

The accompanying Judgment, rendered on the same date, held that "[e]ach party shall bear its own costs and attorney's fees." Docket # 43.

On May 15, 2009, Defendant filed the instant motion requesting attorney's fees. According to Defendant, Plaintiff acted obstinately in fraudulently joining Alpha One and Marrero as co-defendants to deprive this Court of jurisdiction. Moreover, Defendant avers that Plaintiff willfully ignored the contract's forum selection clause, despite its clear language. Based on the foregoing, and Puerto Rico Rule of Civil Procedure 44.1(d), Defendant argues that the imposition of attorney's fees is warranted. Docket # 46. Plaintiff has not filed an opposition. Accordingly, on July 30, 2009, Defendant filed a motion requesting that the bill of costs (Docket # 44), and request for attorney's fees (Dockets ## 45 & 48) be adjudicated without opposition. Docket # 47.

**Standard of Review**

*Attorney's Fees*

Under the "American Rule," practiced in the United States, "parties are ordinarily required to bear their own attorney's fees – the prevailing party is not entitled to collect from the loser." Buckhannon v. West Va. Dept. Of Health, 532 U.S. 598, 602 (201); see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Thus absent explicit statutory authority, a prevailing party is not automatically entitled to attorney's fees. Buckhannon, 532 U.S. at 602 (citing Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994)).[1] Notwithstanding, when jurisdiction in a case before the United States District Court "is premised on diversity of citizenship, the applicable standard of law for the determination of attorney's fees is the state law." Rodriguez-Lopez v. Institucion Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202 (D.P.R. 2009); see also Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d

_____
[1]

**CIVIL NO. 08-1823 (SEC)**                                                                                       Page 3

13, 30 (1st Cir. 2002) (citing Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288, 301 (1st Cir. 1999)); Colon v. Rinaldi, 547 F. Supp. 2d 122, 124 (D.P.R. 2008); Fajardo Shopping Ctr. ,S.E. v. Sun Alliance Ins. Co. of Puerto Rico II, 167 F.3d 1, 14 (1st Cir. 1999); Taber Partners I v. Insurance Co. of North America, Inc., 926 F. Supp. 36, 38 (D. P.R. 1996) (citing Peckham v. Continental Casualty Ins. Co., 895 F.2d 830, 841 (1st Cir. 1983)); Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 934 (1st Cir. 1991); Pan American World Airways, Inc. v. Ramos, 357 F.2d 341, 342 (1st Cir. 1996)). It is well established that Puerto Rico's Civil Procedure Rule 44.1(d) is substantive for Erie doctrine purposes. Fajardo Shopping Ctr., S.E., 167 F.3d at 14; Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc., 145 F.3d 463, 478 (1st Cir. 1998). Therefore, "Puerto Rico law governs the state law claim for attorneys' fees in this diversity action." Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 30 (1st Cir. 2009); see Mass. Eye & Ear Infirmary v. QLT Phototherapuetics, Inc., 552 F.3d 47, 74 (1st Cir. 2009); Newell P.R. Ltd. V. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994).

      Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure provides that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct."[2] The Puerto Rico Supreme Court has stated that '[t]he main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation.'" Top Entm't, Inc. v. Torrejon, 351 F.3d 531, 533 (1st Cir. 2003) (citing Fernandez Marino v. San Juan Cement Co., 830, 118 P.R. Dec. 713 (1987)). As such, awards of attorney's

---

    [2] As previously mentioned, this rule applies to awards for attorney's fees in diversity cases in federal courts. Sainz-Gonzalez v. Banco de Santander, 932 F.2d 999, 1004 (1st Cir. 1991).

**CIVIL NO. 08-1823 (SEC)**  Page 4

are proper if they are awarded (1) against the defeated party that (2) acted in an obstinate or frivolous manner. Reyes v. Banco Santander de P.R., N.A., 583 F. Supp. 1444, 1445 (1984); see Vazquez-Filippetti v. Banco Popular De P.R., 504 F.3d 43, 55 (1st Cir. 2007) (finding that an award of attorney's fees is appropriate only when the losing party had been obstinate or frivolous); Corpak, Inc. v. Ramallo Bros. Printing Inc., 162, 125 P.R. Dec. 724 (1990) (holding that "in our system of justice, the assessment or award of attorney's fees does not lie in all cases; it is appropriate only ... in those cases where the court believes that the *losing party,* or his counsel, has been obstinate or frivolous."(emphasis added)). This rule was "not designed as a premium to successful litigants, but rather as a penalty to be imposed on those litigants whose conduct in pursuing a course of action borders on unreasonable pertinaciousness."[3] Banco Santander, 583 F. Supp. at 1446; see also Rinaldi, 547 F. Supp. 2d at 124.[4]

The First Circuit has held that "[t]he basic parameters that should guide the district court in applying Rule 44.1(d) are well established." Top Entm't, 351 F.3d at 533; see Correa, 298 F.3d at 30-31. In order to determine whether a party or its lawyer was obstinate, a court must examine whether 'a litigant was unreasonably adamant or stubbornly litigious beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay.'" Rodriguez-Lopez v. Institucion Perpetuo Socorro,

---

[3] The imposition of attorney's fees under Rule 44.1(d) "is a sanction designed to 'punish the offending party as well as to recompense those who are victimized by the offender's recalcitrance.'" Id. at 125(citing Dopp v. Pritzker, 38 F.3d 1239, 1253 (1st Cir.1994). This goal is achieved by ordering the obstinate party to pay attorneys' fees in a reasonable amount to the opposing party. Id.

[4] On the contrary, under fee-shifting statutes, such as the Civil Rights Act, 42 U.S.C. § 1988, attorney's fees are awarded to the prevailing party for the expenses incurred, and in so doing, courts need to determine the hours reasonably expended in litigation, multiplied by a reasonable hourly rate (lodestar method). Guillemard Ginorio v. Contreras, 575 F. Supp. 2d 346, 354 (D.P.R. 2008). However, as previously noted, Rule 44.1(d) seeks to impose a penalty upon the losing party that has been obstinate or frivolous.

**CIVIL NO. 08-1823 (SEC)**                                                                                                    Page 5

Inc., 616 F. Supp. 2d 200, 202 (D. P.R. 2009)(quoting De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991)); see also Top Entm't, 351 F.3d at 533; Correa, 298 F.3d at 30; Citibank v. Rodriguez-Santana, 573 F.3d 17, 30 (1st Cir. 2009). Accordingly, an award of attorney's fees is proper where a party engages in actions "which result in a litigation that could have been avoided, which prolongs it needlessly, or that obliges the other party to embark on needless procedures." Fernández Marino, 118 P.R. Dec. at 718-791.

Courts possess inherent equitable powers to award attorney's fees against a party that "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Mullane v. Chambers, 333 F.3d 322, 337-38 (1st Cir. 2003) (citations omitted). Moreover, the "determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court." Institucion Perpetuo Socorro, Inc., 616 F. Supp. 2d at 202 (citing Banco Santander, 583 F. Supp. at 1445); Correa, 298 F.3d at 30. However, once the court concludes that a party has been obstinate, the assessment of attorneys' fees is mandatory. Fajardo Shopping Ctr., S.E. II, 167 F.3d at 14; De Leon Lopez, 931 F.2d at 126; Top Entm't, 351 F.3d at 533.

**Applicable Law and Analysis**

In the present case, Defendant seeks the imposition of attorneys' fees pursuant to Rule 44.1(d) on the grounds that Plaintiff acted obstinately. Therefore, this Court must determine whether Plaintiff's fraudulent joinder of parties to defeat diversity jurisdiction, and filing suit in this Court despite the forum selection clause's clear language, constitutes obstinate conduct which merits the imposition of attorney's fees.

As mentioned above, determining whether a litigant acted obstinately or frivolously is "dependent on the particular facts of each case and lies in the sound discretion of the court." Institucion Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202 (citing Reyes, 583 F. Supp. at

**CIVIL NO. 08-1823 (SEC)**                                                                                         Page 6

1445); Correa, 298 F.3d at 30; Dopp v. Pritzker, 38 F.3d 1239, 1253 (1st Cir. 1994); Banco Santander, 583 F. Supp. at 1445. Courts may consider several factors, such as, whether a litigant's conduct needlessly prolonged the litigation, wasted the other party's and the court's time, and if the other party and the court incurred in needless procedures, unreasonable efforts and expenses. Rodriguez-Lopez, 616 F. Supp. 2d 200, 202; De Leon Lopez, 931 F.2d at 126; Fernández Marino, 118 D. P.R. at 718-791. Although "the degree of obstinacy is the critical factor in determining whether attorney's fees are warranted, other factors to be weighed include...the nature of the litigation, the legal issues involved, the time spent and the efforts and abilities of the attorneys." Correa, 298 F.3d at 31; Fajardo Shopping Center v. Sun Alliance Ins. Co. III, 81 F. Supp. 2d 331, 334 (D.P.R. 2000) (citing Corpak, 125 P.R. Dec. at 738).

In the case at hand, this Court held that Plaintiff acted fraudulently in joining Alpha One and Marrero to defeat diversity jurisdiction. After determining that said parties were joined for the sole purpose of defeating jurisdiction, and were not real parties in interest, the instant suit was removed to this Court. Thereafter, Defendant's motion to dismiss was granted in light of the contract's forum selection clause. Defendant avers that as a result of the foregoing actions, it was forced to defend itself from unnecessary legal proceedings, and its legal fees should be reimbursed. This Court agrees that Plaintiff acted obstinately in fraudulently joining the aforementioned parties. As a result of Plaintiff's actions, Defendant was forced to argue for removal, and later dismissal of the suit. Plaintiff involved both Defendant and this Court in needless procedures, which unnecessarily prolonged and delayed the litigation of this case, which Defendant notes will continue in Texas. Considering the above, this Court finds that Plaintiff was "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation" and its conduct resulted in "wasting time and causing the court and the other litigants unnecessary expense or delay." De Leon Lopez, 931 F.2d at 126. In light Rule 44.1(d),

**CIVIL NO. 08-1823 (SEC)**                                                                                           Page 7

which explicitly grants this Court the authority to impose attorney's fees when a party has acted obstinately, this Court awards Defendants attorney's fees.

Notwithstanding, it is important to note that courts have not adopted any specific method to aid in calculating fee awards and, therefore, the criteria used to assess the amount of the award are not clear. Top Entm't, 349 F. Supp. 2d at 251-252. Our Circuit has recognized that "Rule 44.1(d) vests the court with considerable discretion in determining the amount of attorneys' fees to be bestowed." Dopp, 38 F.3d at 1252; Top Entm't, 351 F.3d at 533. Furthermore, "[t]he Puerto Rico Supreme Court has [] held that trial courts 'must bear in mind that the degree or intensity of the obstinate or frivolous conduct is the test or determining or critical factor to be considered when calculating the attorneys' fees that the obstinate or frivolous losing party shall bear...'" Top Entm't, 349 F. Supp. 2d at 251-252 (citing Corpak, 125 P.R. Dec. at 738); Correa, 298 F.3d at 31. "Trial courts may also take into account a host of other factors, such as 'the nature of the action, the questions of law involved, the amount at issue, the time spent, the efforts and professional activity needed for the case, and the skills and reputation of the lawyers involved' when calculating an attorney's fees award." Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. III, 81 F. Supp. 2d 331, 334 (D.P.R. 2000); Correa, 298 F.3d at 31.

In the instant case, Defendants spent time and effort in preparing the notice of removal, the motion to dismiss, and additional documents in support thereof. Defendant also prepared the present motion and accompanying memoranda. However, the Court finds that the nature of the action and the questions of law involved in this case were not complicated. Furthermore, the time, effort, and professional activity needed for the case cannot be adequately characterized as substantial. The amount of fees "may not be automatically determined by simply looking at what the prevailing party paid, without taking into consideration the degree of obstinacy

**CIVIL NO. 08-1823 (SEC)**                                                                 Page 8

displayed be the losing party," as well as the above-mentioned factors. <u>Fajardo Shopping Ctr. III</u>, 81 F. Supp. 2d at 337. The Supreme Court of Puerto Rico has suggested that the amount of the fees award should be directly proportionate to the duration of the litigation. <u>Id.</u> at 335 (citing <u>Corpak</u>, 125 P.R. Dec. at 738).[5] Hence, when a case is disposed of through a motion to dismiss rather than at trial it bears favorably on the losing party's conduct, by mitigating the degree of obstinacy permeating such conduct. <u>See</u> <u>id.</u> More so when dismissal ensues at the early stages of litigation.

In <u>Top Entm't</u>, the court awarded $60,000 in attorney's fees to a defendant in a case that lasted 5 years and had gone twice to the First Circuit. The case at bar, on the other hand, lasted only 7 months prior to dismissal. Additionally, in the present case, the parties did not engage in discovery, nor attended hearings, or trial. Consequently, this Court finds that Defendants' request for $58,917.50 is not a reasonable amount of attorney's fees. After reviewing the filings, and considering that this award seeks to sanction Plaintiff as an obstinate party, this Court finds that $15,000 is an adequate and reasonable award of attorney's fees for Defendant's counsel.

**Conclusion**

Based on the foregoing, Defendant's request for attorney's fees is **GRANTED in part and DENIED in part**, and Defendant's counsel is awarded $15,000.00 in attorney's fees.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of December, 2009.

*S/Salvador E. Casellas*

---

[5] In <u>Fajardo Shopping Ctr. III</u>, 81 F. Supp. 2d at 335, n. 4, the Court noted that in several of its opinions, the Supreme Court of Puerto Rico awarded attorney's fees under Rule 44.1(d) without explaining the method utilized in reaching said award.

**CIVIL NO. 08-1823 (SEC)**                                              **Page 9**

Salvador E. Casellas
U.S. District Judge